UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07CV-552-H

BRIAN K. CANTRALL    PLAINTIFF

V.

ZEON CHEMICALS, L.P.    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Brian K. Cantrall, has asked for a preliminary injunction which would prohibit Defendant, Zeon Chemicals, from improperly using its Attendance Control Program to terminate Plaintiff. He says that Defendant's attendance policies violate the Family and Medical Leave Act (the "FMLA"). The Court has reviewed the opposing memoranda and has heard argument on all the pertinent issues. The case currently is proceeding under a discovery schedule which culminates in a trial set for October 20, 2009. Plaintiff says that there is a chance that he will be terminated unlawfully prior to the trial date and that, in view of that possibility, an injunction is necessary.

It is well known that to obtain injunctive relief the applicants must establish that (1) they are likely to prevail on the merits of their challenge; (2) they are likely to suffer irreparable injury if the injunction is not granted; (3) there will be no substantial injury to other interested parties; and (4) the public interest would be served by the injunction. *Certified Restoration Dry Cleaning Network v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007) (citing *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005). The above four factors are a balancing test and a

guide to the Court and are not inflexible requirements the movant is obliged to prove. *American Imaging Servs., Inc. v. Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992). As to several of these elements, Plaintiff cannot prevail at this time.

First, the Court cannot say that Plaintiff is likely to prevail on the merits of his case. The reason is that Plaintiff must meet a number of fact intensive criteria to win his case and without the completion of discovery it is difficult to say that he can do so. To be sure, the general outlines of his case seem favorable. Defendant's opposition is premised upon the questionable belief that it can end Plaintiff's FMLA protections based upon a medical opinion that is later overruled by a third physician. Ultimately, the Court may need to decide whether Defendant has proceeded correctly.

However, much of Plaintiff's case seems based upon his expectations and his reliance as well as fact intensive judgments about the validity of a medical opinion. Moreover, it is unclear that Defendant will take action which will cause harm to Plaintiff. Even if Plaintiff was wrongly categorized, which is not certain, he may yet qualify for FMLA protections. Additionally, questions may also arise concerning the reason for Plaintiff failing to maintain sufficient hours to meet the minimum 1250 requirement under the FMLA. The cause of such a failure, if it occurs, is unpredictable at this time.

Second, even if Defendant violates Plaintiff's FMLA rights, Plaintiff should have an adequate remedy at law for his lost wages as well as his loss of medical insurance protection. Usually, in cases involving a discharge, the injuries are not considered irreparable. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974). The *Sampson* case is certainly not directly on point, but this Court finds no extraordinary circumstances here that argue for extraordinary relief here.

If the circumstances change so that some action by Defendant is imminent, then Plaintiff may certainly request relief at that time. Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for a preliminary injunction is DENIED.

cc:     Counsel of Record